IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00041-BNB

JOHN CARL MARTINEZ,
  Applicant,

v.

COLORADO DEPT. OF CORRECTIONS,
ARI ZAVARAS,
PEOPLE OF THE STATE OF COLORADO, and
JOHN SUTHERS, Attorney General of the State of Colorado,
  Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 16 2008

GREGORY C. LANGHAM
                    CLERK

ORDER OF DISMISSAL

Applicant John Carl Martinez is a prisoner in the custody of the Colorado Department of Corrections at the Four Mile Correctional Center at Cañon City, Colorado. Mr. Martinez initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of the sentence he is serving as a result of his conviction in Denver District Court case number 90CR1162. On March 28, 2008, Mr. Martinez filed an amended habeas corpus application. In an order filed on April 21, 2008, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On May 8, 2008, Respondents filed their Pre-Answer Response. On May 28, 2008, Mr. Martinez filed a reply to the Pre-Answer Response.

The Court must construe the application and other papers filed by Mr. Martinez liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404

U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

Mr. Martinez was convicted of second degree murder in 1990 and he was sentenced to forty-eight years in prison. His direct appeal from the judgment of conviction concluded on April 28, 1993, when the Colorado Supreme Court denied his petition for writ of certiorari. Mr. Martinez also has filed two postconviction motions challenging the validity of his sentence. The first postconviction motion was filed in May 2001 and the second postconviction motion was filed in April 2005. The Court received the instant action for filing on December 27, 2007.

Mr. Martinez asserts three claims for relief. His first two claims challenge the validity of his prison sentence. Mr. Martinez claims that he was sentenced in the aggravated range based on facts that were not found by the jury and that application of the crime of violence sentence enhancement statute under Colorado law was improper because it was not charged in a separate count. Mr. Martinez alleges in his third claim that the attorney who represented him in connection with his first state court postconviction motion was ineffective by failing to file a notice of appeal from the denial of that postconviction motion. Mr. Martinez states in his reply to the Pre-Answer Response that he wishes to withdraw the ineffective assistance of counsel claim and proceed only on the first two claims in the amended application. Therefore, the Court will dismiss the third claim for relief.

2

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. Martinez argues that this action should not be barred by the one-year limitation period because his state court postconviction motions were timely under state law. This argument lacks merit. Although properly filed state court postconviction

motions will toll the one-year limitation period pursuant to 28 U.S.C. § 2244(d)(2), the one-year limitation period does not start upon conclusion of the state court postconviction proceedings. Instead, the one-year limitation period starts in accordance with the provisions in § 2244(d)(1).

Pursuant to § 2244(d)(1)(A), the one-year limitation period generally begins to run on the date a judgment of conviction becomes final. Mr. Martinez' conviction became final prior to April 24, 1996, when the one-year limitation period was enacted into law. Mr. Martinez does not allege that he was prevented by unconstitutional state action from filing the instant action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his claims challenging the validity of his sentence before April 24, 1996. Therefore, the Court finds that the one-year limitation period began to run on April 24, 1996. *See Hoggro v. Boone*, 150 F.3d 1223, 1225 (10th Cir. 1998).

As noted above, Mr. Martinez did not file his first state court postconviction motion until May 2001, more than five years after the one-year conviction began to run. As a result, the Court finds that the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable

4

tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Martinez bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Mr. Martinez fails to allege any facts that might justify equitable tolling of the one-year limitation period. Therefore, the Court finds that Mr. Martinez fails to demonstrate that equitable tolling is appropriate and the instant action will be dismissed as barred by the one-year limitation period. Accordingly, it is

ORDERED that the habeas corpus application and the amended application are denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 12 day of June, 2008.

BY THE COURT

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00041-BNB

John C. Martinez
Prisoner No. 64378
FMCC - BU 3-3
PO Box 200
Cañon City, CO 81215 -0200

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/16/08

                                GREGORY C. LANGHAM, CLERK

                          By: _____
                                    Deputy Clerk