IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00041-ZLW

JOHN CARL MARTINEZ,

Applicant,

v.

COLORADO DEPT. OF CORRECTIONS,
ARI ZAVARAS,
PEOPLE OF THE STATE OF COLORADO, and
JOHN SUTHERS, Attorney General of the State of Colorado,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 16 2008

GREGORY C. LANGHAM
                   CLERK

ORDER DENYING MOTION TO RECONSIDER

Applicant John Carl Martinez has filed *pro se* on July 2, 2008, a "Petition for Rehearing" asking the Court to reconsider and vacate the Court's Order of Dismissal and the Judgment filed in this action on June 16, 2008. The Court must construe the motion to reconsider liberally because Mr. Martinez is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). The Judgment in this action was entered on June 16, 2008. Although

the motion to reconsider was not filed until July 2, 2008, Mr. Martinez attaches to the motion a certificate of mailing stating that the motion was mailed to the Court on June 30, 2008. Pursuant to the prisoner mailbox rule, *see Houston v. Lack*, 487 U.S. 266, 270 (1988), the Court will deem the motion to reconsider filed on June 30, 2008. Therefore, because June 30 is within ten days after the Judgment was entered on June 16, *see* Fed. R. Civ. P. 6(a) (time periods of less than eleven days exclude intervening Saturdays, Sundays, and legal holidays), the Court will consider the motion to reconsider pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243.

The Court dismissed the instant action as barred by the one-year limitation period. The Court specifically determined that this action was time-barred because the one-year limitation period began to run on April 24, 1996, and Mr. Martinez did not initiate any state court postconviction proceedings until 2001. Mr. Martinez argues in the motion to reconsider that this action is timely because the state court postconviction proceedings were timely under state law and because the claims he raises are based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004), two cases that Mr. Martinez asserts are retroactively applicable to cases on collateral review.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Martinez fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See*

***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000). Mr. Martinez does not allege the existence of any new law or evidence and he fails to convince the Court of the need to correct clear error or prevent manifest injustice. The Court already has explained to Mr. Martinez that the timeliness of his state court postconviction motions does not control application of the one-year limitation period under federal law. Furthermore, neither ***Apprendi*** nor ***Blakely*** applies retroactively to cases on collateral review. See ***United States v. Price***, 400 F.3d 844, 849 (10th Cir. 2005) ("***Blakely*** does not apply retroactively to convictions that were final at the time the Court decided ***Blakely***."); ***United States v. Mora***, 293 F.3d 1213, 1219 (10th Cir. 2002) (holding that ***Apprendi*** does not apply retroactively to cases on collateral review). Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the "Petition for Rehearing" filed on July 2, 2008, is denied.

DATED at Denver, Colorado, this 16 day of July, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00041-BNB

John C. Martinez
Prisoner No. 64378
FMCC - BU 3-3
PO Box 200
Cañon City, CO 81215 -0200

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/16/08

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk